Brewster, J.
(dissenting). I dissent. We have the fact that plaintiff executed a written instrument the terms of which work a legal preclusion to the -validity of the causes of action set forth in her complaints. Her protest that she did not agree to the stated terms is unavailing because, for aught that is shown, she is conclusively presumed to have known and assented *162 to them. (Metzgar v. Aetna Insurance Co., 227 N. Y. 411, 416.) That the matter of the instrument? pleaded as a defense is deemed to be controverted (Civ. Prac. Act, § 243), does not aid plaintiff on these motions. Here, under rule 113 of the rules of Civil Practice, the motions are to dismiss the complaints in actions where the answers set forth defenses sufficient in law and founded upon facts which have been established prima facie by the very instrument which plaintiff admits she signed. She can defeat them only by showing facts sufficient to raise an issue respecting the conclusiveness of that instrument. Its verity she concedes. She has shown nothing by way of impeachment which would be admissible in evidence at a trial. Her affidavits are bare of any averments which raise a triable issue. (Wallach v. Riverside Bank, 206 N. Y. 434, 439; Rickerson v. Hartford, Fire Ins. Co., 149 N. Y. 307, 315; Kirchner v. New Home Sewing Machine Co., 135 N. Y. 182.)
The order appealed from should be reversed and defendant’s motions granted.
Heffernah and Poster, JJ., concur with Hill, P. J.; Brewster, J. dissents in opinion; Russell, J., taking no part.
Order affirmed, with $25 costs. [See post, p. 978.]